**UNITED STATES DISCTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SAHARA REPORTERS MEDIA GROUP, INC., a New York Corporation; and DOES 1-10,<br><br>Defendants. | Case No. 1:25-cv-6826<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

1

Plaintiff August Image, LLC ("August") hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. August is a New York limited liability company located in New York, NY. A full-service, rights managed collection, August represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. August is, and at all relevant times has been, the exclusive licensing agent and syndicator for the Subject Photograph (defined below) and the photographer who created it.

5. Upon information and belief, Defendant Sahara Reporters Media Group, Inc. ("Sahara") is a New York corporation with its principal place of business located at 146 West 29th Street, Suite 7E, New York, New York 10001. Defendant owns, operates, and/or controls the commercial website saharareporters.com ("Defendants' Website").

6. Upon information and belief, Defendants Does 1-10 are other parties not yet identified who have infringed the asserted copyrights. The true names, whether corporate, individual, or otherwise, of Defendants Does 1-10 are presently unknown to Plaintiff, which

therefore sues said Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

### CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

8. August is the exclusive administrator, licensing agent, and syndicator for, and has exclusive display, distribution, and reproduction rights in, an original photograph of Elon Musk registered with the U.S. Copyright Office ("Subject Photograph") by virtue of an agreement with the photographer of the Subject Photograph. As such, August is entitled to maintain this action under 17 U.S.C. § 501(b). A true and correct copy of the Subject Photograph is depicted below:



**Subject Photograph**

9. Following the publication and display of the Subject Photograph, Defendants, and each of them, copied, displayed, reproduced, distributed, and/or otherwise exploited the Subject Photograph for commercial purposes online, including without limitation on Defendants' Website, without August's authorization ("Infringing Uses"). True and correct copies of the Infringing Uses are depicted below:

**Unauthorized Copies**

https://saharareporters.com/2023/05/27/elon-musks-company-neuralink-gets-permission-start-human-trials-brain-chip-implants



4

https://saharareporters.com/2024/01/30/neuralink-owned-elon-musk-implants-brain-chip-human-being-first-trial



https://saharareporters.com/sites/default/files/styles/focal_point_1300x650/public/2023-05/maxresdefault_1-sixteen_nine.jpg?h=7b436a88&itok=kxOsanV4

https://saharareporters.com/sites/default/files/styles/focal_point_1300x650/public/2024-01/neuralink-203239993-16x9.jpg?h=7b436a88&itok=wy-RMnCG



10. As shown above, Defendants unlawfully altered the Subject Photograph in the Infringing Uses including by placing the name and logo of the company "Neuralink," falsely indicating that Neuralink and/or Defendants lawfully acquired rights to use or own the Subject Photograph.

11. To the extent Defendants exploited the Subject Photograph more than three years before the filing of this case, August did not know, and had no reason to know, of such exploitations.

12. August contacted Sahara in March 2025, notifying Sahara that its exploitation of the Subject Photograph constituted copyright infringement and demanding that Sahara cease and desist its infringement and reach a reasonable resolution. Shara failed to respond and continued in its Infringing Uses despite this and multiple follow up communications from August.

13. August's counsel then sent Sahara a cease-and-desist letter in June 2025, but despite this multiple of the Infringing Uses remain active as of the time of filing.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

14. August incorporates by reference the allegations contained in the preceding paragraphs.

15. Upon information and belief, Defendants, and each of them, accessed the Subject Photograph by, among other things, viewing the Subject Photograph on August's and/or the relevant photographer's websites, profiles, exhibitions, and/or social media accounts; through third-party magazines, publications, websites, and/or Internet search engines; and/or because the unauthorized copies displayed on Defendants' Website are verbatim copies of, and thus strikingly similar to, the Subject Photograph.

16. Defendants, and each of them, copied, displayed, reproduced, distributed, and/or otherwise exploited the Subject Photograph on Defendants' Website without a license, authorization, or consent from August.

17. Due to Defendants' acts of copyright infringement, August has suffered damages in an amount to be established at trial.

18. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement. As such, August is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement in an amount to be established at trial.

19. On information and belief, August alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses

## SECOND CLAIM FOR RELIEF

**(For Violations of 17 U.S.C. §1202 – Against all Defendants, and Each)**

20. August incorporates reference the allegations contained in the preceding paragraphs of this Complaint.

21. On information and belief, August alleges that Defendants, and each of them, in violation of 17 USC § 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information when they added the name and logo for "Neuralink," the subject of the articles in the Infringing Uses, falsely attributing the Subject Photograph within the Infringing Uses and otherwise falsely indicating to

the public that Neuralink and/or Defendants hold or own any rights or ownership interest in the Subject Photograph.

22. On information and belief, August alleges that Defendants, and each of them knew that they were providing false copyright management information to their copies of the Subject Photograph and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photograph.

23. Due to Defendants' acts of infringement, as alleged herein, August has suffered and will seek to recover general and special damages in an amount to be established at trial, and/or statutory damages and attorneys' fees as provided in 17 USC § 1203.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. An Order declaring that Defendants willfully infringed Plaintiff's rights in the Subject Photograph;

b. That Defendants, each of them, their respective agents, and anyone else working in concert with Defendants and their agents, be enjoined from using the Subject Photograph without a license, authorization, or consent from Plaintiff in a manner that infringes the copyrights in the Subject Photograph;

c. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

d. That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

  f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.


Dated: August 18, 2025          Respectfully submitted,
New York, New York

                By: /s/ *David M.S. Jenkins*
                    Scott Alan Burroughs, Esq.
                    scott@donigerlawfirm.com
                    David Michael Stuart Jenkins, Esq.
                    djenkins@donigerlawfirm.com
                    DONIGER / BURROUGHS
                    247 Water Street, First Floor
                    New York, New York 10038
                    (310) 590-1820
                    *Attorneys for Plaintiff*